*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1050**

Karla Kay Edenloff,
Appellant,

vs.

Maxistorage, LLC, a/k/a Maxistorage 1801, LLC,
Maxistorage 1807, LLC
and

Maxistorage 1711, LLC d/b/a Maxistorage, LLC, et al.,
Respondents.

**Filed December 7, 2015
Affirmed
Randall, Judge**\*

Douglas County District Court
File No. 21-CV-14-622

Michael A. Bryant, Stacey M. Lundeen, Bradshaw & Bryant, PLLC, Waite Park, Minnesota (for appellant)

Kevin F. Gray, Katherine O. Fossey, Rajkowski Hansmeier, Ltd., St. Cloud, Minnesota (for respondents)

Considered and decided by Worke, Presiding Judge; Larkin, Judge; and Randall, Judge.

---

\* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**RANDALL**, Judge

Appellant challenges summary judgment, arguing respondent owed her a duty to inspect and maintain the door of a storage unit that appellant's employer rented from respondent. We find respondent did not owe appellant a duty of care as the landlord of the storage unit. We affirm.

**FACTS**

In October 2009, appellant Karla Edenloff was injured when she tripped and fell while inside a storage unit that her employer, Lakes MediVan, rented from respondent Maxistorage. Lakes MediVan is a medical transport company, and it used the storage unit to store equipment and supplies. Edenloff typically went to the storage unit two to four times a week to pick up or drop off items for her employer. She described the storage unit as approximately "three people wide," and not large enough to fit a car in. The storage unit had a manual roller-type door that Lakes MediVan kept locked with a key padlock.

At the time of the incident, Edenloff was walking to the back of the storage unit to place a sheet on a table when the door unexpectedly closed behind her. This startled Edenloff, causing her to turn towards the door, hit her leg on a box and fall to the ground. Edenloff sustained several physical injuries from the accident. According to Edenloff, this was not the first time the door had closed unexpectedly.

Edenloff testified that prior to her accident she had reported the door issue to Lakes MediVan's safety manager, Dennis Cielinski, quality control inspector, Rob

Turcotte, owner, Jeff Nustad, and another dispatch driver, but never informed Maxistorage about the door. Nustad testified that he had no recollection of Edenloff or any other employee reporting a problem with the storage unit, and Lakes MediVan had not reported any issues to Maxistorage. Edenloff's employment records include an "Employee Warning Notice" signed by both her and Turcotte, acknowledging Edenloff's violation of company safety policy by failing to report the door issue to management prior to her accident.

Maxistorage's owners, Dennis and Rebecca Conn, also testified that they had not received any reports regarding the storage unit's door prior to Edenloff's injury. Dennis Conn explained that storage unit doors were only inspected if a customer complained or when a customer moved out of a unit. After the accident, Maxistorage called a garage door repair company to "check the door." The repair company ultimately replaced four feet of header seal and re-wound the door spring.

Edenloff brought this action alleging that Maxistorage was negligent in failing to regularly inspect and maintain the storage unit's door. Maxistorage moved for summary judgment dismissing Edenloff's claims, arguing that, as a landlord, it did not owe a blanket duty to inspect and maintain the door. The district court granted summary judgment, concluding that Maxistorage had not retained control of the unit or agreed to undertake any repairs, and as such it did not owe a duty to inspect or maintain the door. Edenloff appeals.

**D E C I S I O N**

On appeal from summary judgment, this court must determine whether there are genuine issues of material fact and whether the district court erred in applying the law. *Gleason v. Metro. Council Transit Operations*, 582 N.W.2d 216, 218-19 (Minn. 1998). This court reviews the evidence de novo, in a light most favorable to the nonmoving party. *Valspar Refinish, Inc. v. Gaylord's, Inc.*, 764 N.W.2d 359, 364 (Minn. 2009).

Edenloff must prove four elements to establish a negligence claim: (1) existence of a duty of care; (2) breach of that duty; (3) proximate causation; and (4) injury. *Bjerke v. Johnson*, 742 N.W.2d 660, 664 (Minn. 2007). The district court concluded that Maxistorage, as landlord of the storage unit, did not owe Edenloff a duty of care. "The existence of a duty of care is a threshold question because a defendant cannot breach a nonexistent duty." *Doe 169 v. Brandon,* 845 N.W.2d 174, 177 (Minn. 2014). Whether a duty exists is a legal question, which this court reviews de novo. *Glorvigen v. Cirrus Design Corp.,* 816 N.W.2d 572, 581 (Minn. 2012).

Generally, a landlord does not owe a duty of care to his or her tenants and is not liable for damages caused by defective conditions on the leased property. *White v. Many Rivers W. Ltd. P'ship*, 797 N.W.2d 739, 744 (Minn. App. 2011). But a duty may arise if the landlord (1) negligently repairs the premises; (2) retains control of certain areas of the premises; or (3) is aware of a hidden danger on the premises but the tenant is not. *Gradjelick v. Hance,* 646 N.W.2d 225, 231 (Minn. 2002).

Edenloff asserts that the second exception applies. As evidence that Maxistorage retained control of the storage unit, Edenloff notes that the lease permits Maxistorage to

"enter this unit at any time without notice to inspect, etc."  According to Edenloff, this right to inspect the premises amounts to the retention of control, and the only logical reason for Maxistorage to retain the right to enter the storage unit was to maintain its door.  We disagree.

First, the exception arising from landlord control generally applies when a landlord "retains possession of . . . *common areas*, like stairs, halls, elevators, or yard space."  *White*, 797 N.W.2d at 744-45 (emphasis added); *see also Rosmo v. Amherst Holding Co.,* 235 Minn. 320, 324, 50 N.W.2d 698, 701 (1951) (concluding that where landlord controlled private alleyway that tenants had a right to use, landlord was required to maintain it in a "reasonably safe condition"); *Nubbe v. Hardy Cont'l Hotel Sys. of Minn., Inc.,* 225 Minn. 496, 499, 31 N.W.2d 332, 334 (1948) (concluding that evidence supported verdict for tenant where landlord retained control of common stairway and did not inspect steps for faulty condition).  Here, it is undisputed that the private storage unit, which Lakes MediVan used exclusively and kept locked, was not open to common use.

Second, we do not find that Maxistorage "retained control" of the storage unit just by reserving the right to inspect it.  Maxistorage's right to inspect here connotes a limited right to access the storage unit for an investigatory purpose, whereas retaining control would otherwise allow unlimited access to, and use of, the unit while Lakes MediVan leased it.  Further, Maxistorage did not routinely, if ever, enter or inspect the storage unit, which otherwise might have indicated that it did retain some measure of control.  This is evidenced by Dennis Conn's testimony that he never inspected Lakes MediVan's storage unit during its tenancy, and generally only inspected storage units or made repairs when

5

requested by tenants or after the units were vacated. Edenloff's assertion that the only reason Maxistorage would retain the right to inspect the storage unit was to inspect its door is unsupported by the lease. The inspection provision in the lease is included with an express prohibition against the manufacture, sale or use on controlled substances within the unit. On its face, this indicates that at least one of the many conceivable reasons Maxistorage reserved the right to inspect the storage unit was to investigate suspicious or prohibited activities.

We reject the assertion that Maxistorage should have known that the door was likely to be defective because it made requested repairs to other units during the course of Lakes MediVan's tenancy, and, therefore owed a duty to inspect and repair this specific storage unit's door. On summary judgment, we are required to make all inferences in favor of the non-moving party, which means we must assume that Edenloff reported the defective door to her employer, as she testified. But even with the benefit of this inference, Edenloff has presented no evidence that would allow us to similarly conclude that she or Lakes MediVan took the additional step of informing Maxistorage of the problem. Aside from the fact that Maxistorage has repaired other units when asked, Edenloff has offered no evidence that Maxistorage had knowledge of the storage unit door's defective condition. *See DLH, Inc. v. Russ*, 566 N.W.2d 60, 71 (Minn. 1997) ("[T]here is no genuine issue of material fact for trial when the nonmoving party presents evidence which merely creates a metaphysical doubt as to a factual issue and which is not sufficiently probative with respect to an essential element of the nonmoving party's case to permit reasonable persons to draw different conclusions").

We conclude Maxistorage did not owe Edenloff a duty of care, and affirm the district court's grant of summary judgment.

**Affirmed.**